**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| MARIO THAMES, | Civil No. |
| Plaintiff, | |
| v. | |
| EXETER FINANCE LLC, JOHN DOE, AND TORRES TOWING LLC, | |
| Defendants. | |

**COMPLAINT AND JURY DEMAND**

**NATURE OF ACTION**

1.      Plaintiff Mario Thames ("Plaintiff") brings this action against Defendants Exeter Finance LLC ("Exeter"), John Doe ("Doe"), and Torres Towing LLC ("TTL") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and Article 9 of the Uniform Commercial Code, Va. Code § 8.9A-102 *et seq*.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

**PARTIES**

4.      At all relevant times, Plaintiff was a natural person residing in Suffolk, Virginia.

5.      Plaintiff is allegedly obligated to pay a debt to Exeter.

1

6. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal automobile title loan (the "Debt").

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. Exeter is a Delaware limited liability company operating in Virginia.

9. Exeter regularly purchases consumer paper in the form of automobile loans.

10. Plaintiff is ignorant of the true name and/or capacity, whether individual, partnership, limited partnership, corporate, or otherwise, of the defendant sued herein as Doe, and therefore sues such defendant by such fictitious name until such times as the true name and/or capacity is ascertained.

11. Doe is an entity that does business in this district.

12. Doe is a repossession forwarding company.

13. Doe coordinates and facilitates the repossession of vehicles.

14. Doe earns a majority of its earnings from the coordination and facilitation of repossessions.

15. Doe uses the telephone in its business.

16. Doe uses the internet in its business.

17. Doe is an entity that at all relevant times was acting as a repossession agent working at the behest Exeter.

18. At all relevant times, Doe was an entity using instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

19. Doe is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

20.     TTL is a Virginia limited liability company.

21.     TTL is a repossession company.

22.     The principal purpose of TTL is the repossession of vehicles.

23.     TTL derives the majority of its income from the repossession of vehicles.

24.     TTL uses the telephone in the operation of its business.

25.     TTL uses the internet in the operation of its business.

26.     TTL uses highways in the operation of its business.

27.     At all relevant times, TTL was acting as a repossession agent working at the behest of Doe and Exeter.

28.     At all relevant times, TTL was an entity using instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

29.     TTL is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

### FACTUAL ALLEGATIONS

30.     Prior to June 2024, Plaintiff purchased a pickup truck (the "Vehicle") from a non-party.

31.     Plaintiff purchased the Vehicle for his own personal, family, and household use.

32.     The Vehicle constitutes "consumer goods" as defined by Va. Code § 8.9A-102(a)(23).

33.     In connection with the transaction, Plaintiff executed a loan agreement in the seller's favor (the "Contract").

34.     As part of the Contract, Plaintiff granted the seller and its assignees a security interest in the Vehicle.

3

35.    The Vehicle constitutes "collateral" as defined by Va. Code § 8.9A-102(a)(12).

36.    After the Contract was consummated, it was assigned to Exeter.

37.    Exeter is a "secured party" as defined by Va. Code § 8.9A-102(a)(73).

38.    On or before June 3, 2024, Exeter engaged its repossession agent, Doe, to repossess the Vehicle.

39.    Doe in turn hired TTL to conduct the actual repossession.

40.    On the evening of June 3, 2024, TTL went to Plaintiff's home to repossess the Vehicle.

41.    Plaintiff noticed TTL's arrival ran out and protested the repossession.

42.    Instead of ceasing the repossession, TTL attempted to continue it over Plaintiff's protests.

43.    Plaintiff called the police for assistance.

44.    The police arrived on the scene and discovered TTL's employee's driver's license was suspended.

45.    The police forced TTL to cease the repossession.

46.    Thereafter, approximately an hour later, TTL returned to the scene to repossess the Vehicle.

47.    Plaintiff noticed TTL's arrival and again protested the repossession.

48.    TTL ignored Plaintiff's protests and continued with the repossession over his protests.

49.    Plaintiff's fiancé then called the police.

50.    TTL then decided to cease the repossession and leave the property.

51.    Before doing so, TTL damaged the Vehicle.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692f(6)(A)
## TTL AND DOE

52.     Plaintiff repeats and re-alleges each factual allegation contained above.

53.     Virginia law provides that after a default, secured parties may take possession of collateral without judicial action.  Va. Code § 8.9A-609(B)(2).

54.     However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral.  *Id.*

55.     A repossession agent breaches the peace if he continues with a repossession over a consumer's protest.

56.     Plaintiff confronted TTL'S employees and protested the repossession.

57.     Once Plaintiff protested the repossession, TTL lost the right to continue with the repossession.

58.     Nonetheless, TTL attempted to continue with its repossessions and thereby breached the peace.

59.     A repossession agent breaches the peace if he damages property during a repossession.

60.     TTL damaged Plaintiff's property during its repossession and thereby breached the peace.

61.     A repossession agent's breach of the peace negates a right to possession through self-help repossession.

62.     Once TTL breached the peace, it lost the right to continue with the repossession.

63.     By continuing with its repossession when it had no right to do so, TTL violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Plaintiff's property where the property was exempt by law from such dispossession.

64.     As the debt collector that hired TTL, Doe is liable for TTL's FDCPA violation.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that TTL violated 15 U.S.C. § 1692f(6)(A);

b) Adjudging that as the debt collector that hired TTL, Doe is liable for TTL's FDCPA violation;

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem proper.

**COUNT II**
**VIOLATION OF VA. CODE § 8.9A-609(B)(2)**
**EXETER**

65.     Plaintiff repeats and re-alleges each factual allegation contained above.

66.     Secured creditors have a nondelegable duty not to breach the peace when they repossess secured collateral.  Va. Code § 8.9A-609(B)(2) at Official Comment 3.

67.  Exeter's repossession agent, TTL, breached the peace by continuing the repossession over Plaintiff's protest and damaging Plaintiff's property during its attempted repossessions.

68.  Exeter violated Va. Code § 8.9A-609(B)(2) when its repossession agent, TTL, breached the peace during its attempted repossessions.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Exeter violated Va. Code § 8.9A-609(B)(2);

b)  Awarding Plaintiff statutory damages, pursuant to Va. Code § 8.9A- 625(C)(2);

c)  Awarding Plaintiff actual damages, pursuant to Va. Code § 8.9A- 625(C)(1);

d)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

e)  Awarding such other and further relief as the Court may deem proper.

### TRIAL BY JURY

69.  Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted,

s/ Aryeh E. Stein
Aryeh E. Stein, # 45895
Meridian Law, LLC
1212 Reisterstown Road
Baltimore, MD 21208
443-326-6011 (phone)
410-782-3199 (fax)
astein@meridianlawfirm.com
Attorney for Plaintiff

Co-counsel with:
Thompson Consumer Law Group, PC
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259
tclg@ThompsonConsumerLaw.com

7